**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **SUSAN VALENTINA CHACIN-LUZARDO #A220-478-552** | **CASE NO.  3:26-CV-01252 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **MARKWAYNE MULLIN ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is an Emergency Motion for a Temporary Restraining Order ("TRO") and Order to Show Cause [Doc. No. 2] filed by *pro se* Petitioner, Susan Valentina Chacin-Luzardo ("Petitioner"). Petitioner, a citizen and national of Venezuela, entered the United States with her family through the Atlanta airport on April 28, 2021, when she was a minor.[1] She was deemed inadmissible by immigration officers, ordered removed under 8 U.S.C. § 1225(b)(1), and was subsequently released into the United States on parole pursuant to section 212(d)(5)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1182(d)(5)(A).[2] Her case was referred to a U.S. Citizenship and Immigration Services officer for a credible fear interview.[3] Petitioner was granted Temporary Protected Status on June 28, 2024, with a term set to expire on April 2, 2025.[4] Her Form I-589, application for asylum and for withholding of removal, was denied on June 13, 2025.[5] Petitioner participated in a credible fear

---

[1] [Doc. No. 1-3, p. 3]; [Doc. No. 2, pp. 2–3].
[2] [Doc No. 2, p. 3]; [Doc. No. 1-2, pp. 7, 32].
[3] [Doc. No. 1-2, p. 6].
[4] [Id. at p. 12]; [Doc. No. 2, p. 4].
[5] [Doc. No. 1-2, p. 17].

interview on March 19, 2026, and the asylum officer determined that same day Petitioner did not have credible fear of persecution or torture.[6] Petitioner was detained by immigration authorities on March 20, 2026, in Nashville, Tennessee.[7] Petitioner was then transferred to Richwood Correctional Center in Monroe, Louisiana, where she remains today.[8]

Petitioner filed a Petition for Writ of Habeas Corpus ("Habeas Petition") [Doc. No. 1], requesting that the Court issue a TRO to prevent her transfer or removal and order her immediate release from immigration detention.[9] In the pending Motion before the Court, Petitioner requests that the Court issue an order to restrain Respondents from continuing her unlawful detention, enjoin Respondents from transferring Petitioner out of the Western District of Louisiana during the adjudication of her Habeas Petition, and prioritize the adjudication of her Habeas Petition "as a matter of extreme urgency."[10] Additionally, Petitioner requests the Court order Respondents to answer why Petitioner's Habeas Petition should not be granted within three (3) days of service.[11] For the reasons stated below, Petitioner's Motion fails.

As a threshold matter, the Court recognizes that a *pro se* petitioner's filings are held to less "stringent standards" than filings drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *Pro se* plaintiffs must, however, "plead factual allegations that raise the right to relief rise above [a] speculative level." *Chhim v.*

---

[6] [Id. at p. 41].
[7] [Doc. No. 2, p. 3].
[8] [Doc. 1, p. 12].
[9] [Id. at p. 4].
[10] [Doc. No. 2, p. 2].
[11] [Id.]; [Doc. No. 2-1, p. 2].

*Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (2002)). In any event, the Court has no obligation to "sift through the record in search of evidence" to support the *pro se* litigant's arguments. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). The Court now addresses the merits.

As another Judge of this Court recently stated:

> The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is *nothing more than a motion to decide my habeas petition now*. *See Garcia-Aleman v. Thompson*, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025). The Court will not allow Petitioner to commit an end-run around the habeas process.

*Da Silva v. Tellez*, No. 25-CV-1960, 2025 WL 3553041, at *1 (W.D. La. Dec. 8, 2025) (emphasis added).

Since the preliminary relief Petitioner seeks—release from immigration detention—mirrors the ultimate relief sought in Petitioner's Habeas Petition,[12] Petitioner's Motion is **DENIED** to that extent.

To the extent Petitioner seeks to prevent her transfer out of the jurisdiction while her Habeas Petition remains pending, the Fifth Circuit has ruled that a transfer to another district does not affect a district court's personal jurisdiction over

---

[12] [Doc. No. 1, p. 4].

a petitioner's habeas petition because "[j]urisdiction attache[s] on [the] initial filing for habeas corpus relief." *Griffen v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014). Even if Petitioner were to be removed from the United States, this Court would maintain jurisdiction to rule on her Habeas Petition. *See id.*; *see also Zalawadia v. Ashcroft*, 371 F.3d 292, 297–98 (5th Cir. 2004). Additionally, Petitioner has a final removal order and no appeal pending before the Board of Immigration Appeals.[13] Under § 1252(g), this Court is explicitly barred from hearing any claim arising from the Attorney General's decision to "execute removal orders." 8 U.S.C. § 1252(g). Thus, the Court does not have the authority to issue a stay of Petitioner's removal. Accordingly, this argument fails, and Petitioner's Motion, to the extent it requests a stay of transfer out of the Court's jurisdiction, is **DENIED**.

Lastly, Petitioner requests the Court to issue an order to show cause for Respondents to answer why Petitioner's Habeas Petition should not be granted within three (3) days of service.[14]  Section 2243 states that a court "entertaining an application for a writ of habeas corpus shall" issue forthwith "an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243 (2025). The show cause order "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

---

[13]  [Doc. No. 1-2, p. 32]; *Automated Case Information*, Exec. Off. for Immigr. Rev., https://acis.eoir.justice.gov/en/ (last visited Apr. 22, 2026) (Enter A-Number as "220478552;" then choose Nationality as "Venezuela (VE);" then click "submit").
[14] [Doc. No. 2, p. 2]; [Doc. No. 2-1, p. 2].

Petitioner fails to articulate any law or reasoning behind the request for the order to show cause, merely asserting the Court should grant her request in the introduction of her memorandum and within her proposed order.[15] Regardless of the lack of briefing on the Motion, the Court finds that adhering to such a compressed schedule of § 2243 is unnecessary here. Granting a request for an immediate show cause order would circumvent the standard procedures the Court uses to manage its docket and would not allow for deliberate consideration of the merits. The Court declines to stray from the standard procedure, and Petitioner's Motion, to the extent it requests an order to show cause, is **DENIED**.

For the reasons stated above,

**IT IS ORDERED** that Petitioner's Emergency Motion for a Temporary Restraining Order and Order to Show Cause [Doc. No. 2] is **DENIED**.

MONROE, LOUISIANA, this 22nd day of April 2026.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[15] [Doc. No. 2, p. 2]; [Doc. No. 2-1, p. 2].